

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 8, 1967

Honorable J. W. Edgar                    Opinion No. M-86
Commissioner of Education
Texas Education Agency                   Re:  Whether Sections 3 and 4 of
Austin, Texas                                 Article 26881-1 supersede
                                              and have application, in
                                              lieu of Section 1(c) of
                                              Article 2688e, to counties
                                              (other than Goliad) which
                                              have abolished the elective
                                              county superintendent, and
                                              thereafter abolished the
                                              office of ex officio county
                                              superintendent and county
                                              school board under Article
Dear Dr. Edgar:                               2688e, and related questions.

          In connection with your first question, you have advised
us that Stephens County, on June 26, 1965, by an election held in
that county, abolished the office of county school superintendent.
On April 1, 1967, by an election held in Stephens County, the office
of ex officio county school superintendent and the county school
board were abolished.  Your essential question is which of two
possible statutes apply to the actions taken by Stephens County:
Article 2688e, Vernon's Civil Statutes, or Article 26881-1, Vernon's
Civil Statutes.  In this connection we quote a portion of Article
26881-1:

          "Section 1.  This Act applies to a county

          "(1)  if the office of county superintendent
     and the county school board has been abolished in
     the county; and

          "(2)  if the county has one county-wide inde-
     pendent school district and no common school dis-
     trict.

          "Sec. 2.  The office of ex officio county super-
     intendent is abolished upon the effective date of this
     Act."

-390-

It is apparent from Section 2, supra, that the primary purpose of Article 26881-1 was to effect the abolishment of the office of ex officio county superintendent in certain counties. Inasmuch as the county here involved abolished the county school board and the ex officio county superintendent at the same time, it is the view of this office that the requirements of Article 26881-1 were never met, and that Stephens County remained within the scope of Article 2688e. This would also be true of all other counties involved in abolishment situations which do not come within the precise terms of Section 1, Article 26881-1, quoted, in part, supra. It therefore follows that those counties which do not fall within the terms of Article 26881-1 must continue to follow the procedures established in Article 2688e. In answer to your specific question, you are advised that Sections 3 and 4 of Article 26881-1 do not supersede and have application, in lieu of Section 1(c) of Article 2688e, to counties (other than Goliad) which have abolished the elective county superintendent, and thereafter abolished the office of ex officio county superintendent and county school board under Article 2688e.

Dependent upon the answer to your first question, you have asked the following:

When should the county judge's services and additional compensation as ex officio county superintendent in Stephens County cease.

In connection with this question, we quote Article 2688e, Section 1(c), Vernon's Civil Statutes:

"(c) Where the majority of the qualified electors approve the abolition of the office of the ex officio county superintendent and county school board, the duties of such abolished offices as may still be required by law shall be and become the duties of the office of county judge of said county upon the expiration of the current term of office of the ex officio county superintendent, and said county judge shall not be entitled to nor receive any additional compensation as a result of these additional duties."

It is our view that the plain terms of the statute operate to transfer the duties of ex officio county superintendent to the county judge only upon the expiration of the current term of office of the ex officio county superintendent. The net effect is that the county judge (who acts as the ex officio county superintendent) receives remuneration for acting as ex officio county

Dr. J. W. Edgar, page 3 (M-86)

superintendent up until the time of the expiration of his current term of office, at which time he is required to perform the same duties without remuneration.

S U M M A R Y

Sections 3 and 4 of Article 26881-1, V.C.S. do not supersede and have application, in lieu of Section 1(c) of Article 2688e, V.C.S., to counties (other than Goliad) which have abolished the elective county superintendent, and thereafter abolished the office of ex officio county superintendent and county school board under Article 2688e.

Where the office of ex officio county superintendent has been abolished under Article 2688e, V.C.S., the abolishment takes effect upon the expiration of the current term of the ex officio county superintendent, at which time the duties devolve upon the county judge, who shall perform these duties without additional compensation.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
John Banks
John Fainter
Kerns Taylor
Alan Minter

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.